```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ERIC ANDREW PEREZ,                                          :
                                                            :
                               Plaintiff,                   :
                                                            :         24-CV-356 (VSB)
                -against-                                   :
                                                            :
DR. NEIL C. EVANS, et al.,                                  :         ORDER
                                                            :
                               Defendants.                  :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  I am in receipt of Plaintiff's Application for the Court to Request Pro Bono Counsel, dated January 16, 2024, (Doc. 5), and Plaintiff's letter, dated March 7, 2024, requesting that he "be assigned counsel for this proceeding," (Doc. 15). I am also in receipt of a Form AO 85 completed by Plaintiff in which he consents to proceed before a magistrate judge. (Doc. 11.)

  With regard to Plaintiff's request for the appointment of counsel, in determining whether to grant an application for counsel, a court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Quadir v. N.Y. State Dep't of Lab.*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Without expressing a view concerning the merits of Plaintiff's claim, Plaintiff's request for pro bono counsel is denied without prejudice because it is too early in the proceedings for the Court to assess the merits of the action. *See Quadir*, 39 F. Supp. 3d at 543 (denying request for appointment of counsel because it was "too early to adequately weigh the merits" of the case at the motion to dismiss

stage). If this case proceeds to discovery, Plaintiff may renew his application for appointment of counsel.

Before a case can be assigned to a magistrate judge for all proceedings, including a final order and a trial, *all parties* must sign and date Form AO85. Because Defendants have not signed and dated Form AO 85, the Court denies without prejudice Plaintiff's request to reassign the case to a magistrate judge. Plaintiff may renew his request after Defendants appear in this action.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 5 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 12, 2024
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge