UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ERIC ANDREW PEREZ,

                **Plaintiff,**

    -against-

DR. NEIL C. EVANS, et al.,

                **Defendants.**

------------------------------------------------------------X

24-CV-00356 (VSB)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/2024

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiff Eric Andrew Perez filed a motion to recuse and a proposed order to show cause for preliminary injunction and temporary restraining order ("TRO"). ECF Nos. 51, 52. Both motions are DENIED.

**I.    Motion to Recuse**

    "Consideration of a motion for recusal is committed to the sound discretion of the district court, and there is a substantial burden on the moving party to show that the judge is not impartial." Lamborn v. Dittmer, 726 F. Supp. 510, 514 (S.D.N.Y. 1989) (citations omitted). The party filing the motion to recuse "must show a true personal bias, and must allege specific facts and not mere conclusions or generalities." Flores v. United States Dep't of Just., 391 F. Supp. 3d 353, 365–66 (S.D.N.Y. 2019) (citing Sharkey v. J.P. Morgan Chase & Co., 251 F. Supp. 3d 626, 630 (S.D.N.Y. 2017). Here, the Plaintiff submitted generalized allegations and has not demonstrated evidence of personal bias. No such bias exists. Therefore, the motion to recuse is DENIED.

**II.      Preliminary Injunction and Temporary Restraining Order ("TRO")**

The Plaintiff seeks to enjoin the defendants from "deleting any log files, evidence, log ins security footage, medical records, blood work, DNA files, Astra Zeneca AZD1222 Study entries, or any other things that may be considered evidence in this action." Once the Defendants have notice of the claims alleged, they have an obligation to preserve evidence that may be relevant to litigation. See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y.2003) ("The obligation to preserve evidence arises when [a] party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.") Because it is unclear that the Defendants have notice of this action, and because the Plaintiff has not established that equitable relief is warranted, the motion for preliminary injunction and TRO is DENIED.

## CONCLUSION

The Plaintiff's motion for recusal and motion for a preliminary injunction and temporary restraining order is DENIED. The Clerk of Court is requested to terminate the motion at ECF No. 51.

**SO ORDERED.**

SARAH NETBURN  
United States Magistrate Judge

DATED:    May 17, 2024  
               New York, New York