UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ERIC ANDREW PEREZ,

                          **Plaintiff,**                          24-CV-00356 (VSB)(SN)

            -against-                                             **ORDER**

DR. NEIL C. EVANS, et al.,

                          **Defendants.**

-------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

As discussed during the conference on June 26, 2024, the U.S. Government defendants
were served with the amended complaint on May 13, 2024, and the United States Attorney's
Office does not intend to dispute service. The U.S. Government defendants' deadline to answer,
or otherwise respond to the amended complaint, is extended to August 26, 2024.

The Plaintiff also advised the Court that counsel for Defendants Mark J. Mulligan, Astra
Zeneca LP, Astra Zeneca AB, and Astra Zeneca UK Lmdt communicated that those defendants
were not properly served. Plaintiff must attempt personal service on Defendant Mulligan. A
process server (not the plaintiff) may: (1) deliver a copy of the summons and complaint
personally to the defendant; (2) leave copies at the defendant's dwelling with a person over the
age of 18 who currently is residing at the defendant's dwelling; or (3) deliver copies to an agent
authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

The Plaintiff may serve Astra Zeneca, a domestic entity, by delivering the summons and
complaint to an officer, managing or general agent, or other authorized agent to receive service
of process, and mailing a copy to the defendant. Fed. R. Civ. P. 4(h). The Plaintiff will need to

locate an individual or entity that can accept service on behalf of the defendant, which may be the Delaware Secretary of State.

With respect to the foreign entities, service on a foreign individual or business may be made pursuant to "any internationally agreed means of service." Fed. R. Civ. P. 4(f)(1). Because the United States, United Kingdom, and Sweden are all signatories to the Hague Service Convention, the Hague Convention provides "the exclusive means for service of process." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 706 (1988). The primary service method under the Hague Convention is through the signatory's Central Authority. After receiving a request, the Central Authority serves the documents through its own internal service of process mechanisms. But if a country does not object, service can be done directly on persons abroad by postal channels. See Hague Service Convention art. 10(a). Because neither Sweden or the United Kingdom objected to direct service through postal channels, the Plaintiff may serve the foreign entities by registered mail through an official mail carrier with return service requested to obtain a confirmation of receipt or attempt service through each country's Central Authority. See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 262 F.R.D. 293, 307 (S.D.N.Y. 2009); Vega v. Hastens Beds, Inc., 339 F.R.D. 210, 220 (S.D.N.Y. 2021). Plaintiff must ensure to submit proper proof of service.

The Plaintiff may employ a process server to assist him in navigating service on the non-government defendants.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      July 2, 2024
           New York, New York

2