UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                 :
ERIC ANDREW PEREZ,                              :

                                        Plaintiff,        :
                                                              :          24-CV-356 (VSB) (SN)
                         -against-                  :
                                                              :
DR. NEIL C. EVANS, *et al.*,                :            **ORDER**
                                                              :
                                        Defendants.  :
                                                                  :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

     I am in receipt of Plaintiff's motion for a temporary restraining order, filed on July 28, 2025. (Doc. 141.) I am currently in the process of reviewing Plaintiff's objections, (Doc. 136) to Magistrate Judge Netburn's Report and Recommendation, which recommends that I dismiss all of Plaintiff's claims with prejudice, (Doc. 132). If I overrule Plaintiff's objections and adopt the Report and Recommendation, I would have to deny Plaintiff's motion for a temporary restraining order because Plaintiff cannot meet the minimum requirement of establishing the existence of sufficiently serious questions going to the merits of Plaintiff's claims to make them a fair ground for litigation. *See Echo Design Grp., Inc. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003) ("In order to prevail on a motion for a preliminary injunction and/or temporary restraining order, a party must establish . . . either (1) a likelihood of success on the merits of the underlying claim or (2) sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly in the moving party's favor."); *see also Bragg v. Jordan*, 669 F. Supp. 3d 257, 267 (S.D.N.Y. 2023) ("Where a party seeking a temporary restraining order fails to establish a likelihood of success on the merits, 'there is no need to

address the other prongs of the analysis.'" (quoting *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011))). Therefore, Defendants need not respond to the motion for a temporary restraining order until I issue my opinion regarding the pending Report and Recommendation.

SO ORDERED.

Dated: August 1, 2025
      New York, New York

_____
Vernon S. Broderick
United States District Judge

# EXHIBIT 1