```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ERIC ANDREW PEREZ,                                          :
                                                            :
                            Plaintiff,                      :
                                                            :       24-CV-356 (VSB)
              - against -                                   :
                                                            :       OPINION & ORDER
                                                            :
                                                            :
DR. NEIL C. EVANS, et al.,                                  :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

Appearances:

Eric Andrew Perez
San Antonio, FL
*Pro se Plaintiff*

Rebecca Lynn Salk
United States Attorney's Office for the Southern District of New York
New York, NY
*Counsel for Defendants Dr. Neil C. Evans, Carol Johnson, George Reed Grimes, Damian Williams, and Melanie Jay*

Jodyann Galvin
Cheyenne Nicole Freely
Hodgson Russ LLP
Buffalo, NY
*Counsel for Defendant Dr. Mark J. Mulligan*

Alexander Cousins
Arthur Edward Brown
Arnold & Porter Kaye Scholer LLP
New York, NY
*Counsel for Defendants AstraZeneca AB, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Ltd.*

VERNON S. BRODERICK, United States District Judge:

On October 15, 2025, pro se Plaintiff filed a motion seeking my recusal and reinstatement of his case. The motion notes that I "served as an Assistant United States Attorney for the Southern District of New York from 1998 until 2000" at a time when Plaintiff alleges that the United States Attorney's Office ("USAO") for the Southern District of New York ("SDNY") investigated and convicted Plaintiff's father. (Doc. 153 at 1.) Plaintiff claims that I should recuse myself under 28 U.S.C. § 455 based upon the fact that I served as an Assistant United States Attorney ("AUSA") for the SDNY. Because I find that no reasonable person would question my impartiality based on my working as an AUSA in the SDNY, Plaintiff's motion is DENIED.

## I.      Factual and Procedural Background

Plaintiff Eric Andrew Perez ("Plaintiff" or "Perez") filed the above captioned lawsuit pro se on January 16, 2024. (Doc. 1.) On April 3, 2024, I referred this case to Magistrate Judge Robyn F. Tarnofsky for general pretrial management. (Doc. 25.) On April 9, 2024, the referral was reassigned to Magistrate Judge Sarah Netburn. On April 25, 2024, Plaintiff filed an Amended Complaint against various Defendants, including Dr. Neil C. Evans, Carol Johnson, Dr. Mark J. Mulligan, George Reed Grimes, Damian Williams, AstraZeneca LP, AstraZeneca AB, Melanie Jay, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Ltd. (Doc. 37 ("Amended Complaint" or "Am. Compl.").)

In the Amended Complaint, Plaintiff alleged that he was injured as a result of a clinical trial of AstraZeneca's COVID-19 vaccine at the Department of Veteran's Affairs. (Am. Compl. ¶¶ 6, 21, 31, 33.) Plaintiff further maintained that his claim, filed following his vaccination through the Health Resources & Services Administration's Countermeasures Injury

2

Compensation Program, was "deliberately obstructed" by members of the federal government. (*Id.* ¶¶ 21, 27, 29, 35–38.)

On September 6, 2024, Defendant Mark J. Mulligan moved to dismiss Plaintiff's Amended Complaint. (Doc. 99.) The same day, Defendants AstraZeneca AB, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Ltd. (collectively, the "AstraZeneca Defendants") also moved to dismiss, (Doc. 101), as did Defendants Neil C. Evans, George Reed Grimes, Melanie Jay, Carol Johnson, and Damian Williams (collectively, the "Federal Defendants"), (Doc. 103). On December 11, 2024, I referred the motions to dismiss to Magistrate Judge Netburn for a Report and Recommendation. (Doc. 125.)

On May 15, 2025, Magistrate Judge Netburn issued a thorough 27-page Report and Recommendation recommending that I grant the motions to dismiss and dismiss Plaintiff's Amended Complaint with prejudice. (Doc. 132 ("Report") at 26.) On July 14, 2025, Plaintiff filed objections to the Report. (Doc. 136.) On July 28, 2025, Defendant Mark Mulligan filed a response to Plaintiff's objections, (Doc. 138), as did the AstraZeneca Defendants, (Doc. 139). On July 29, 2025, the Federal Defendants filed a response to Plaintiff's objections. (Doc. 140.)

On September 25, 2025, I issued an Opinion & Order adopting Magistrate Judge Netburn's Report and Recommendation in full. (Doc. 147 ("Opinion").) On the same day, the Clerk of Court entered a judgment consistent with my Opinion noting that *in forma pauperis* status is denied for purposes of appeal, dismissing the action with prejudice, and closing the case. (Doc. 148.)

On September 26, 2025, Plaintiff filed a motion seeking to challenge the "Clerk's dismissal . . . without an order from the presiding judge." (Doc. 149.) On October 3, 2025, I issued an Order denying Plaintiff's motion and explaining that "the Clerk of Court's action is

3

ministerial in nature, not judicial," and Plaintiff cannot challenge the Clerk's action. (Doc. 152 at 1.)

On September 29, 2025, Plaintiff filed a notice of appeal of the Opinion. (Doc. 151.) On October 15, 2025, Plaintiff filed the instant motion, moving "pursuant to 28 U.S.C. § 455(a)–(b), [and] Federal Rule of Civil Procedure 60(b)(6)," for "recusal and reinstatement of the case." (Doc. 153 at 1.) I address below the arguments raised in Plaintiff's recusal and reinstatement motion.

## II. Legal Standards

### A. *Jurisdiction*

"Generally, filing a notice of appeal divests a district court of jurisdiction." *Basciano v. Lindsay*, No. 07-CV-421, 2008 WL 1700442, at *1 (E.D.N.Y. Apr. 9, 2008), *aff'd sub nom. Basciano v. Martinez*, 316 F. App'x 50 (2d Cir. 2009) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, the Federal Rules of Appellate Procedure provide for limited exceptions to this general rule, including when a party files a motion "for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59." Fed. R. App. P. 4(a)(4)(A)(vi). These exceptions apply regardless of whether the motion was filed before or after the notice of appeal. *Griggs*, 459 U.S. at 59 ("[I]n order to prevent unnecessary appellate review," Rule 4(a)(4) provides "[t]he district court . . . express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed."). However, if a Rule 60 motion is not made within 28 days of judgment, then the docketing of an appeal "ousts the district court of jurisdiction," as jurisdiction is not "reserved to it explicitly by statute or rule," and the District Court may not grant the motion

4

without permission from the court of appeals.  *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)).[1]

### B. *Relief from Judgment and Disqualification*

Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule."  *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal quotation marks omitted).  "While 'Section 455 does not, on its own, authorize the reopening of closed litigation,' Rule 60(b) 'provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.'"  *Rouviere v. DePuy Orthopaedics*, No. 18-CV-4814, 2025 WL 1664673, at *7 (S.D.N.Y. June 12, 2025) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).  "In *Liljeberg*, the Supreme Court held in the context of a Rule 60(b) motion that in determining how best to address a violation of § 455(a), three factors are considered:  (i) the risk of injustice to the parties in the particular case; (ii) the risk that the denial of relief will produce injustice in other cases, and (iii) the risk of undermining the public's confidence in the judicial process."  *United States v. Amico*, 486 F.3d 764, 777 (2d Cir. 2007) (citing *Liljeberg*, 486 U.S. at 863).

Disqualification of federal judges is governed by 28 U.S.C. § 455.  Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C.

---

[1] The Second Circuit has held that, notwithstanding its lack of jurisdiction, a District Court may still deny an untimely motion for post-judgment relief.  *Toliver*, 957 F. 2d at 49; *see also Singleton v. City of New York,* No. 21-CV-6583, 2022 WL 464214, at *2 n.3 (S.D.N.Y. Feb. 14, 2022) ("Although the Federal Rules of Appellate Procedure allow the Court to adjudicate a Rule 60(b) on the merits (either granting or denying it) only when it is filed within 28 days of entry of judgment, under Rule 62.1 of the Federal Rules of Civil Procedure, the Court can deny a Rule 60(b) motion that is timely, that is, if it is filed within a reasonable time." (internal quotation marks omitted)).

§ 455(a).  "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)).  Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

### III. Discussion

#### A. *Jurisdiction*

Because (1) Plaintiff moved "pursuant to" Federal Rule of Civil Procedure 60(b)(6); (2) the appeal was filed before the motion; and (3) the motion was made within 28 days of judgment, I find that I have jurisdiction to decide this motion.  *See Johnson v. Maximus Servs. LLC*, No. 23-7672, 2025 WL 1561819, at *2 (2d Cir. June 3, 2025) (summary order) ("Rule 4(a)(4)(A)'s list of motions includes Rule 59 motions to alter or amend the judgment, and 'for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.'" (quoting Fed. R. App. P. 4(a)(4)(A)(vi))); *Bell v. Plante*, No. 22-CV-5232, 2022 WL 4226291, at *2 (S.D.N.Y. Sept. 12, 2022) ("[U]nder Rule 4(a)(4), Plaintiff would have had 28 days from th[e] date [of the Court's order] . . . to file a Rule 60 motion.").

Although Plaintiff purports to make his motion under both "28 U.S.C. § 455(a)–(b), [and] Federal Rule of Civil Procedure 60(b)(6)," (Doc. 153 at 1), courts in this district ruling on post-judgment motions made under Fed. R. Civ. P. 60(b)(6) and 28 U.S.C. § 455 have "interpret[ed] th[e] portion of Plaintiff's motion [made under 28 U.S.C. § 455] as asserting that the judgment should be vacated under either Rule 60(b)(4) or 60(b)(6) because judicial disqualification was required under 28 U.S.C. § 455 prior to dismissal."  *Lipin v. Hunt*, 573 F. Supp. 2d 830, 834

6

(S.D.N.Y. 2008). Therefore, I address below Plaintiff's claim that my Opinion & Order and the judgment should be vacated because judicial disqualification was required under 28 U.S.C. § 455.

## B. *Disqualification*

Plaintiff claims my disqualification is warranted under § 455(a), and (b)(3). (Doc. 153 at 1). Section 455(a) states in relevant part that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In general, § 455(b) "lists specific circumstances in which disqualification is required." *In re Citigroup Sec. Litig.*, No. 20-CV-9132, 2022 WL 2135496, at *1 (S.D.N.Y. May 5, 2022); *see also United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) ("[Section 455(b)] addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed."). Section 455(b)(3) specifically mandates disqualification, in relevant part, where a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). This means that § 455(b)(3) only applies when the presiding judge "directly participated in the matter in some capacity or expressed an opinion concerning the merits of the particular case," in which recusal is sought. *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 78 (2d Cir. 2011) (Straub, J., concurring); *see also Zavalidroga v. Cote*, 395 F. App'x 737, 739 (2d Cir. 2010) (recusal under § 455(b)(3) only appropriate when judge of whom recusal is sought, "while serving as a government employee, participate[d] in this matter as counsel, advisor, or witness or express[ed] an opinion about its merits").

Plaintiff appears to argue that my previous employment as a prosecutor in the Southern District of New York disqualifies me from presiding over this case under § 455(b)(3). (Doc. 153 at 1–2.) Specifically, Plaintiff asserts that his father, Andrew Daniel Perez, was prosecuted by the USAO SDNY during the time I "was employed as a federal prosecutor."[2] (*Id*. at 2.) Plaintiff then argues that "[t]his overlap presents an unavoidable appearance of bias and a disqualifying conflict under 28 U.S.C. § 455(a)–(b)(3), as [my] former office prosecuted a member of the Plaintiff's immediate family." (*Id*.) Plaintiff is wrong.

As an initial matter, § 455(b)(3) does not apply. This section requires some degree of connection between a judge's prior Government employment and the matter pending before the judge. *See United States v. Cutler*, 796 F. Supp. 710, 713 (E.D.N.Y. 1992) (rejecting motion for disqualification when presiding judge's "connection to this case is extremely tenuous," and the presiding judge "played no part in the [underlying] investigation"); *United States v. Pepper & Potter, Inc.*, 677 F. Supp. 123, 126 (E.D.N.Y. 1988) (only finding disqualification warranted when the presiding judge's name "appear[ed] on a good number of the official documents" and his "involvement in the investigation was not merely of a *pro forma* nature."). Here, Plaintiff does not assert that his father's criminal case has any connection to his civil case at all. Nor could he. Plaintiff's alleged claims in his civil case relate to conduct that is alleged to have occurred in connection to Plaintiff's alleged participation in the clinical trial of AstraZeneca's COVID-19 vaccine at the Department of Veteran's Affairs. Although Plaintiff does not provide details concerning his father's criminal case, despite claiming to have "direct knowledge of his father's federal arrest, conspiracy case, conviction, and sentence," (Doc. 153 at 2), that alleged

---

[2] Plaintiff claims that I "served as an Assistant United States Attorney for the Southern District of New York from 1998 through 2000." (Doc. 153 at 1.) This is incorrect; I served as Assistant United States Attorney in the SDNY from 1994 until 2002.

8

criminal case occurred decades before the COVID-19 pandemic and any clinical trial of AstraZeneca's COVID-19 vaccine at the Department of Veteran's Affairs.  Finally, I have no recollection of ever serving as "counsel, adviser or material witness," on any litigation involving Plaintiff's father during my time during my time at the Department of Justice or thereafter.  *See* 28 U.S.C.A. § 455(b)(3).

    The only exhibit that Plaintiff appends to his motion, (Doc. 153, Exhibit A), supports an inference that Plaintiff is mistaken that his father was prosecuted federally since there is a presumption in criminal cases of public access to documents, *United States v. Greenwood*, 145 F.4th 248, 255–56 (2d Cir. 2025) (presumption of public access applies to any "documents submitted in connection with judicial proceedings" in criminal cases such as "sentencing submissions," "[s]entencing proceedings and their outcome," and documents implicating "the manner in which criminal trials are conducted" (citing *United States v. Alcantara*, 396 F.3d 189, 196 (2d Cir. 2005); *In re Nat'l Broad. Co.*, 635 F.2d 945, 951 (2d Cir. 1980)), making his assertion that his father's conviction was "confidential or suppressed," (Doc. 153 at 2), improbable.  Therefore, § 455(b)(3) does not apply.

    To the extent that Plaintiff is claiming that I must recuse myself from his case because my "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), other than vague and conclusory allegations questioning my impartiality, Plaintiff fails to provide any factual support for such a claim.  For example, Plaintiff asserts that "[w]hether or not [I] personally participated in [the prosecution of his father], [my] employment within the same office that handled the Perez matter requires recusal." (Doc. 153 at 3.)  Here again, Plaintiff is wrong.  Allegations of bias or prejudice that "are either wholly conclusory or totally without factual support" do not suffice to state a claim under 28 U.S.C. § 455.  *Person v. Gen. Motors Corp.*, 730 F. Supp. 516, 519

(W.D.N.Y. 1990); *see also Longi v. New York*, 363 F. App'x 57, 59 (2d Cir. 2010) (summary order) ("[C]onclusory and vague allegations of conspiracy, are inadequate to raise a claim" under 28 U.S.C. § 455(b)(3).). Moreover, the fact that I worked at the USAO SDNY does not itself support an assertion, let alone a finding of, impartiality, since "mere prior association [does not] form a reasonable basis for questioning a judge's impartiality." *Allphin v. United States*, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (citing *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)) (alteration in original). "The law of this Circuit is clear that a judge's prior employment as government counsel, without more, does not mandate recusal from cases in which the government is a defendant." *Cordero v. Sec'y of Health & Hum. Servs.*, No. 24-CV-09778, 2025 WL 2988500, at *1 (S.D.N.Y. Sept. 30, 2025) (citing *Green v. New York City Health & Hosps. Corp.*, 343 F. App'x 712, 714 (2d Cir. 2009); *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996)). Here, as in *Allphin*, Plaintiff's "subjective beliefs about [my] impartiality are irrelevant." *Allphin*, 758 F.3d at 1343–44 (explaining that a judge's "prior employment" as a lawyer for the Department of Justice does not "create[] an appearance of impropriety").

Therefore, applying the objective test for recusal under § 455(a), I conclude that no reasonable person knowing the facts alleged by Plaintiff would find any appearance of impropriety or partiality based on my previous employment at the USAO SDNY.[3] *See United States v. Watson*, No. 23-CR-82, 2024 WL 4827734, at *4 (E.D.N.Y. Nov. 19, 2024) (noting that "the Supreme Court has made clear that when Section 455 specifically *limits* a recusal obligation . . . the catchall proscription on apparent partiality in Section 455(a) cannot be read to contradict

---

[3] It bears mentioning that this is Plaintiff's first reference to his father's alleged federal conviction during the years 1998 to 2000 during the course of this extensively briefed litigation, but it is not his first time moving to recuse a judge presiding over his case, as Plaintiff previously moved to recuse Magistrate Judge Netburn on May 14, 2024. (Doc. 51.) That motion too was meritless, (Doc. 53.), but had Plaintiff harbored legitimate doubts about my ability to adjudicate this case, "an objective, disinterested observer" would expect Plaintiff to have raised them at an earlier time. *See Lovaglia*, 954 F.2d at 815.

that limitation" (emphasis in original)). "[W]here the standards governing disqualification are *not* met, 'disqualification is not optional; rather, it is prohibited.'" *Sun v. Mo*, No. 24-CV-3630, 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (emphasis in original) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)); *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). As the standards for disqualification are not met, I decline to recuse myself from this case.

### C. *Relief From Judgment*

Since Plaintiff fails to meet the standards for disqualification, the only basis upon which he seeks relief under Rule 60, no ground exist which can support "'extraordinary circumstances' warrant[ing] relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Liljeberg*, 486 U.S. at 864). Therefore, I deny Plaintiff's motion to set aside my Opinion under Rule 60(b)(6).

### IV. Conclusion

Plaintiff's motion is hereby DENIED, and this case remains closed.

SO ORDERED.

Dated: October 28, 2025
      New York, New York

                                                Vernon S. Broderick
                                                United States District Judge